UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
BRIAN ESTERINE,

      Petitioner,

            09 CV 3600 (SJ)

  -against-        MEMORANDUM &
            ORDER

UNITED STATES OF AMERICA,

      Respondent.
----------------------------------------------------X
A P P E A R A N C E S

BRIAN ESTERINE, *PRO SE*
#75001-053
FCI-Elkton
P.O. Box 10
Lisbon, OH 44432

LORETTA E. LYNCH, ESQ.
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
By: Amanda Hector
Attorney for Respondent

**JOHNSON, Senior District Judge:**

  Petitioner Brian Esterine ("Petitioner"), proceeding pro se, moves pursuant to 28 U.S.C. § 2255 ("Section 2255") to vacate, set aside, or correct his sentence on the grounds that he received ineffective assistance of counsel. The Government opposes. For the following reasons, the motion is DENIED.

1

BACKGROUND

On April 3, 2007, Petitioner was indicted on one count of possession of a firearm after having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) ("Count One"), and one count of knowingly and intentionally possessing a firearm which had the manufacturer's serial number removed, obliterated, or altered in violation of 18 U.S.C. § 922(k) ("Count Two"). On December 26, 2007, Petitioner pled guilty before Magistrate Judge Roanne L. Mann to Count One, pursuant to a plea agreement (the "Plea Agreement" or "Agreement"). Count Two was dismissed.

The Plea Agreement estimated an adjusted offense level of 26, a Criminal History Category of III, and an adjusted Sentencing Guideline range of 70 to 87 months imprisonment. The Plea Agreement contained a non-binding-estimate clause providing that Petitioner would not be entitled to withdraw his plea if the Guideline offense level determined by Probation or the Court differed from the estimate in the Plea Agreement. The Plea Agreement also contained an appellate waiver clause precluding Petitioner from appealing his conviction or sentence, or pursuing a Section 2255 petition, if the Court imposed a term of imprisonment of 97 months or below. The Agreement also stated that it "is binding without regard to the sentencing analysis used by the Court."

At his plea allocution before Judge Mann, Petitioner testified under oath that he had read and discussed the Plea Agreement with his lawyer, that he was satisfied

to have his lawyer represent him, that he understood the Plea Agreement, and that the signature on the signature line was his own.

Prior to sentencing, the Probation Department calculated an offense level of 25 (one point lower than the Plea Agreement) and a Criminal History Category IV (one category above that contemplated by the Plea Agreement), leading to a Guideline range of 84 to 107 months. On June 19, 2008, this Court sentenced Petitioner to 84 months of imprisonment, a sentence within both the range calculated by Probation and that stated in the Plea Agreement.

On August 3, 2009, Petitioner commenced this action pursuant to Section 2255, arguing that his counsel was in effective in violation of his constitutional rights. The Government opposes, arguing that Petitioner's claim is procedurally barred and, even if it was not, the claim fails on the merits.

## DISCUSSION

In a petition under Section 2255, the Petitioner must show that the sentence: "(1) was imposed in violation of the Constitution or the laws of the United States; or (2) was entered by a court without jurisdiction to impose the sentence; or (3) exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral attack." 28 U.S.C. § 2255(a) (2010). In Section 2255 proceedings, a petitioner bears the burden of proof by a preponderance of the evidence. See Triana v. United States, 205 F.3d 36, 40 (2d Cir. 2000).

A.  *Petitioner's Claim is Procedurally Barred*

As noted, the Plea Agreement states that Petitioner waived his right to challenge his conviction and sentence under Section 2255, as long as the sentence of imprisonment was 97 months or below. Generally, such waivers are enforceable. See Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001); United States v. Rosa, 123 F.3d 94, 97 (2d Cir. 1997); United States v. Maher, 108 F.3d 1513, 1531 (2d Cir. 1997).

A petitioner may have a valid claim that the waiver of appellate rights is unenforceable in some circumstances, such as: (1) when the waiver has not been made knowingly, voluntarily, and competently, see United States v. Ready, 82 F.3d 551, 556-57 (2d Cir. 1996); (2) when the sentence is imposed based on constitutionally impermissible factors, such as ethnic, racial, or other prohibited biases, see United States v. Jacobson, 15 F.3d 19, 22-23 (2d Cir. 1994); (3) when the government has breached the Plea Agreement, see Rosa, 123 F.2d at 98 (citation omitted); or (4) when the sentencing court has failed to enunciate any rationale for the sentence imposed, thus "amount[ing] to an abdication of judicial responsibility subject to mandamus." United States v. Yemitan, 70 F.2d 746, 748 (2d Cir. 1995).

Only the first of these conditions (i.e., that the waiver was not made knowingly, voluntarily and/or competently) is even arguably present in this case. See, e.g., Ready, 82 F.3d at 556-57 (citation omitted). However, the Court's review of the Plea Agreement and Esterine's guilty plea before Magistrate Judge Mann reveals that Esterine understood the implications of waiving his right to appeal a

sentence of 97 months or less, and that counsel advised him regarding same. Specifically, the following exchange took place at the plea allocution:

> The Court: Because of the language in paragraph four, once Judge Johnson does impose a sentence, as long as he does not sentence you to more than 97 months, that is the end of the matter. You've agreed that you will not file an appeal or otherwise challenge your conviction or sentence as long as your sentence does not exceed 97 months. Do you understand that?
>
> Esterine: Yes.

With respect to Esterine's legal counsel, the following exchange took place:

> The Court: Mr. Esterine, have you discussed your case with [your lawyer] and are you satisfied to have him represent you?
>
> Esterines: Yes.

"These '[s]olemn declarations in open court carry a strong presumption of verity.'" Garcia v. United States, Nos. 08 CV 4999 (SJ), 04 CR 693 (SJ), 2009 WL 3379135, at *2 (E.D.N.Y. Oct. 20, 2009) (quoting Blackledge v. Allison, 431 U.S. 63, 73 (1977)); see also Okupe v. United States, No. 08 CV 693 (RJD), 2009 WL 455289, at *2 (E.D.N.Y. Feb. 23, 2009) (upholding waiver provision in plea agreement and dismissing Section 2255 petition where petitioner stated in allocution that he read and understood plea agreement, discussed same with his lawyer, and understood he was agreeing to waive his right to challenge a sentence within the

range set forth in the plea agreement); VanLoo v. United States, Nos. 02 CR 104 (AGS), 03 CV 8586 (JFK), 2004 WL 1609335, at *4 (S.D.N.Y. Jul. 16, 2004) ("Although a defendant must be able to expect that his lawyer's advice is reasonable, undoubtedly, petitioner takes a calculated risk when he demurs to the judgment of his attorney.").

The Court sentenced Petitioner to 84 months, well below the 97 month limit set out in the Plea Agreement, and Petitioner understood the implications of pleading guilty at his allocution. Therefore, the Court finds that the petition is barred.

B.  *Petitioner's Claim Fails on the Merits*

Even if Petitioner's § 2255 motion was not barred, it would fail on the merits because Esterine cannot demonstrate that he suffered ineffective assistance of counsel.

"In all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend VI. Under the well-established Strickland test, Esterine must show (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 689–94 (1984).

To establish deficient performance, Esterine must demonstrate that "counsel's representation 'fell below an objective standard of reasonableness.'" Wiggins v. Smith, 539 U.S. 510, 521 (2003) (quoting Strickland, 466 U.S. at 688).

6

Counsel "is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. "[T]o establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

1. *Use of Prior Burglary Conviction as a "Crime of Violence"*

Esterine claims that his trial counsel was deficient in his performance when he advised Esterine to enter into a plea agreement that stipulated the application of U.S.S.G. § 2K2.1(a)(2). That provision prescribes a base offense level of 24 "if the defendant has committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(2). While Esterine concedes that he was previously convicted of a controlled substance offense, he claims that his counsel failed to realize that U.S.S.G. § 4B1.2(a)(2), which defines crimes of violence, limits the types of burglary that constitute a "crime of violence" to "burglary of a dwelling." U.S.SG. § 4B1.2(a)(2). Given that Esterine's previous conviction for attempted burglary did not occur in a dwelling, Esterine concludes that U.S.S.G. § 2K2.1(a)(2) does not apply.

However, Esterine is misguided. Section 4B1.2(a)(2), in relevant part, defines a "crime of violence" as "any offense under federal or state law, punishable

7

by imprisonment for a term exceeding one year, that . . . is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" Id. (emphasis added). The phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another" is commonly referred to as the "residual clause."

In United States v. Brown, 514 F.3d 256 (2d Cir. 2008), the Court of Appeals held that the crime of burglary in the third degree as defined in New York's Penal Law § 140.20 fits within the residual clause. Id. at 269; see also United States v. Ortiz, 621 F.3d 82, 85 (2d Cir. 2010) (holding same). That Esterine's conviction was for attempted burglary is also of no moment, because Application Note 1 of U.S.S.G. § 4B1.2 treats attempt the same as it does the substantive crime of violence. See U.S.S.G. § 4B1.2, app. n.1 (including in the definition of "crime of violence" acts of "aiding and abetting, conspiring, and attempting to commit such offenses"). Therefore, attempted burglary in the third degree is also a crime of violence under Section 4B1.2(a)(2), triggering the application of Section 2K2.1(a)(2) in this case. See United States v. Hurrell, 555 F.3d 122, 123-4 (2d Cir. 2009); see also United States v. Andrello, 9 F.3d 247, 249-250 (2d Cir. 1993).

It follows that Esterine's prior conviction for attempted burglary in the third degree was also properly considered a crime of violence for the purpose of calculating his criminal history points. Therefore, his claim that his attorney erred in accepting his attempted third degree burglary conviction as a "crime of violence"

for the purposes of calculating both his base offense level and his criminal history category is without merit.

   2. *Section 2K2.1(b)(4) Enhancement*

Section 2K2.1(b)(4) provides a four-level enhancement to the offense level of a felon in possession of a firearm that bears an obliterated serial number. Esterine argues that his counsel was ineffective for permitting this enhancement to apply because Esterine was unaware that the serial number had been obliterated. However, Section 2K2.1(b)(4) has no scienter requirement. Indeed, the Second Circuit has upheld the strict liability nature of U.S.S.G. § 2K2.1(b)(4) for sentencing enhancements and "reasonably imposes the burden upon a felon who illegally possesses a firearm to ensure that the serial number is not obliterated." Brown, 514 F.3d at 269; see also Ortiz, 621 F.3d at 85; United States v. Williams, 49 F.3d 92, 93 (2d Cir. 1995). Furthermore, Application Note 19 of U.S.S.G. § 2K2.1 provides that the sentencing enhancement for any firearm with an obliterated serial number applies "whether or not the defendant knew or had reason to believe that the firearm . . . had an altered or obliterated serial number." See U.S.S.G. § 2K2.1, app. n.19. Therefore, this argument, too, is without merit.

## CONCLUSION

For the foregoing reasons, the petition is DENIED. Further, the Court will not issue a certificate of appealability because Petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253. The Clerk of Court is directed to close this case.


SO ORDERED.

Dated: December 5, 2013　　　　　　　　_____/s_____
　　　Brooklyn, NY　　　　　　　　　　　STERLING JOHNSON, JR.
　　　　　　　　　　　　　　　　　　　Senior United States District Judge